UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE JOSEPH DUNLAP,<br><br>    Petitioner,<br><br>v.<br><br>DONOVAN CORRECTIONAL FACILITY et al.,<br><br>    Respondents. | Case No. 5:24-cv-01772-SB-AGR<br><br>DISMISSAL ORDER |

    Petitioner filed a writ of habeas corpus in the United States District Court for the District of Columbia.  Dkt. No. 1.  The case was then transferred to the Southern District of California.  Dkt. No. 3.  The court denied Petitioner's request to proceed without payment of filing fees (in forma pauperis (IFP)) and dismissed the petition with leave to amend.  Dkt. No. 6.  After Plaintiff filed an amended petition and new IFP request, the court transferred the case to this district.  Dkt. Nos. 8–10.

    Because his IFP request was incomplete, the Court ordered Petitioner to file a completed IFP request or pay the filing fee, on penalty of dismissal.  Dkt. No. 13.  In response, Petitioner submitted an IFP request that lacked the financial information needed for the Court to decide the application.  Dkt. No. 14.  Specifically, it indicated that Petitioner made slightly over $4 per week through his employment at the prison but did not provide the certificate of authorized officer or a certified copy of his trust account statement.  *Id.*  In a separate letter, Petitioner indicated that he instructed the prison to send the copy of his trust account statement to the Southern District of California, but this Court never received it.  Dkt. No. 15.  Without the information in the statement, the Court could not determine if Petitioner had access to additional funds such that he could pay the $5 filing fee.

The Court ordered Petitioner to file an IFP request providing the missing information or pay the filing fee, stressing that the copy of the trust account statement should be sent to this Court and providing Petitioner the Court's address. Dkt. No. 16. The Court reiterated to Petitioner the consequences of noncompliance: "If Petitioner does not comply with these instructions within 30 days, the case will be DISMISSED without prejudice." *Id.* Petitioner, however, again filed an IFP request that does not include the certificate of authorized officer or a certified copy of his trust account statement, contravening the Court's order. Dkt. No. 17. He also noted in a letter that, contrary to the Court's specific instructions, he sent the statement to the Southern District of California, but it is not in the record of this case. Dkt. No. 18.

In any event, the information available to this Court demonstrates that Petitioner has the ability to pay the filing fee. The Court takes notice of its own files and finds that it recently denied Petitioner IFP status in Case No. 5:24-cv-01384. It did so based on a complete IFP request that provided a certified copy of Petitioner's trust account statement. The statement showed that he had an average monthly balance of $210.27 and average monthly deposits of $150.91.

The Court therefore dismisses this case in its entirety, without prejudice, as it warned it would do.

Date: September 30, 2024

                                                Stanley Blumenfeld, Jr.
                                               United States District Judge